UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 21-23441-CIV-MARTINEZ

KESCHENER DESTIN,

    Plaintiff,

v.

OFFICER E. LOISEAU, Corrections Officer, and SERGEANT L. DURAND,

    Defendants.
_____/

## **OMNIBUS ORDER**

**THIS CAUSE** came before this Court on three pending Motions, (ECF Nos. 74, 76, 77), and Plaintiff's Second Amended Complaint ("SAC"), (ECF No. 75.) On December 19, 2023, this Court granted Plaintiff leave to file an SAC and stated that it would screen any new claims in the SAC under 28 U.S.C. § 1915(e)(2)(B) and decide whether to allow those claims to proceed. (ECF No. 72 at 3.) On January 8, 2024, Defendant Officer E. Loiseau moved to stay this proceeding until Plaintiff filed the SAC, any new Defendants were served, and his inevitable motion to dismiss the SAC was adjudicated. (ECF No. 74.) On January 17, 2024, Plaintiff filed the SAC, along with motions to appoint counsel and for leave to proceed *in forma pauperis* ("IFP"), (ECF Nos. 75, 76, 77.) For the reasons explained below, the SAC shall be allowed to proceed in part, Defendant's Motion to Stay is granted, and Plaintiff's motions are denied.

    **I.**    **SCREENING OF NEW CLAIMS IN THE SAC UNDER 28 U.S.C. § 1915(E)**

Although this Court already permitted Plaintiff's excessive force claim against Officer Loiseau to proceed, because Plaintiff is proceeding IFP, this Court must screen any new claims under section 1915(e) and decide whether to order U.S. Marshal's service on any new Defendants. *See* 28 U.S.C. § 1915(d) and (e)(2)(B) (stating that IFP litigants are entitled to service of process by officers of the court and that "the court shall dismiss the case at any time" if it determines that the case is "frivolous or malicious" or "fails to state a claim on which relief may be granted"); *Metheny v. Smith*, No. CV 104-157, 2006 WL 566111, at *2 (S.D. Ga. Mar. 6, 2006) ("because

Plaintiff's complaint is subject to the screening provisions of §§ 1915(e) and 1915A, Plaintiff *could not* serve his complaint upon Defendants before the Court had screened the complaint for frivolity") (emphasis in original).

Here, Plaintiff's SAC adds three new claims against the current Defendant, Officer E. Loiseau, and raises those same claims against one new Defendant: Sergeant L. Durand, a corrections officer with the Miami-Dade Corrections and Rehabilitation Department ("MDCR"). Plaintiff's three new claims against Officer Loiseau and Sergeant Durand are: (1) a substantive due process claim; (2) a procedural due process claim; and (3) an equal protection claim. (ECF No. 75 ¶¶ 8–10.) These three claims all stem from Plaintiff's allegation that during his pretrial detention in MDCR custody, Sergeant Durand and Officer Loiseau kept Plaintiff in solitary confinement for 118 days despite Plaintiff's acquittal of a disciplinary charge. This Court addresses each claim in turn.

### A. Substantive Due Process Claims

"The Supreme Court established the standard for substantive due process claims raised by pretrial detainees in [*Bell v. Wolfish*, 441 U.S. 520 (1979)]." *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1344 (11th Cir. 2016). "*Bell* teaches that 'a [pretrial] detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.'" *Id.* (quoting *Bell*, 441 U.S. at 535). "[W]hether a condition of pretrial detention amounts to punishment turns on whether the condition is imposed for the purpose of punishment or whether it is incident to some legitimate government purpose." *Magluta v. Samples*, 375 F.3d 1269, 1282 (11th Cir. 2004) (citing *Bell*, 441 U.S. at 538). "'An expressed intent to punish on the part of detention facility officials' is sufficient, but not necessary, to establish unconstitutional pretrial punishment." *Jacoby*, 835 F.3d at 1345 (quoting *Bell*, 441 U.S. at 538) (alterations omitted). "A court also permissibly may infer that the purpose of the governmental action is punishment' if the 'restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless." *Id.* (quoting *Bell*, 441 U.S. at 539) (alterations omitted). However, the need to preserve "'internal order and discipline' among pretrial detainees" is a legitimate government purpose; therefore, jails may discipline inmates for violating jail rules. *Id.* at 1348 (quoting *Bell*, 441 U.S. at 546); *see also Bell*, 441 U.S. at 561 ("Ensuring security and order at the institution is a permissible nonpunitive objective, whether the facility houses pretrial detainees, convicted inmates, or both.").

Here, Plaintiff alleges that Sergeant Durand and Officer Loiseau authorized Plaintiff's placement in solitary confinement on May 2, 2020, after Officer Loiseau charged Plaintiff with battery on a staff member. (ECF No. 75 ¶ 8.) Plaintiff alleges that his disciplinary charge was then dismissed on May 8, 2020, but he was kept in confinement for an additional 112 days until he was released back into the general population on August 28, 2020. (*Id.*)

These allegations are sufficient to state a substantive due process claim. Plaintiff alleges that he was held in solitary confinement for the purpose of punishment rather than the legitimate purpose of violating jail rules. Sergeant Durand and Officer Loiseau allegedly kept Plaintiff in confinement for 112 days despite knowing that Plaintiff's disciplinary charge was dismissed. Therefore, this Court may infer that Defendants' actions were "not reasonably related to a legitimate goal" but were "arbitrary or purposeless." *Jacoby*, 835 F.3d at 1345 (quoting *Bell*, 441 U.S. at 538); *see also Magluta*, 375 F.3d at 1275 (holding that pretrial detainee stated a substantive due process claim where he alleged that he "spent more than 500 days in administrative detention under conditions constituting solitary confinement" without a legitimate reason). Accordingly, Plaintiff shall be permitted to proceed with his substantive due process claims against Sergeant Durand and Officer Loiseau.

### B. Procedural Due Process Claims

To state a procedural due process claim based on disciplinary segregation, a pretrial detainee must allege that he was segregated without an adequate hearing. *See Jacoby*, 835 F.3d at 1348 ("A pretrial detainee . . . may not be punished for his misconduct while in prison unless he is given a due process hearing."). Before jail officials can impose disciplinary segregation, they must afford pretrial detainees: "(1) advance written notice of the charges; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence 'when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.'" *Id.* at 1350 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 564–66 (1974)).

Plaintiff does not allege that he was initially confined without an adequate hearing; in fact, the exhibits attached to the SAC show that he was afforded one. (Pl.'s Ex. 1, ECF No. 75-1 at 3–4). However, Plaintiff's procedural due process claim rests on his allegation that Defendants kept him in confinement without any additional hearings or periodic reviews of his confinement status after he was acquitted of his disciplinary charge. (ECF No. 75 ¶ 9). The Eleventh Circuit has held that pretrial detainees are entitled to "some sort of periodic review of the confinement" when they

are segregated for long periods of time.  *Magluta*, 375 F.3d at 1279 n.7 (quoting *Hewitt v. Helms*, 459 U.S. 460, 477 n.9 (1983)); *see also Quintanilla v. Bryson*, 730 F. App'x 738, 744 (11th Cir. 2018) (quoting *Toevs v. Reid*, 685 F.3d 903, 912 (10th Cir. 2012)) ("Not only must there be 'some sort of periodic review [of administrative segregation],' but the periodic review 'must be meaningful; it cannot be a sham or a pretext.'").  Therefore, Plaintiff's allegations are sufficient at this stage to state procedural due process claims against Sergeant Durand and Officer Loiseau.

### C. Equal Protection Claim

To state a claim under the Equal Protection Clause of the Fourteenth Amendment, "a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race[,]" religion, or national origin.  *Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001) (quoting *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932–33 (11th Cir. 1986)).  Here, Plaintiff's equal protection claim against Defendants rests on "nothing more than conclusory allegations that [Defendants] treated [Plaintiff] differently than other similarly-situated prisoners because of his race [and ethnicity]."  *Smith v. Reg'l Dir. of Fla. Dep't of Corr.*, 368 F. App'x 9, 13 (11th Cir. 2010).  Plaintiff alleges no specific facts showing that Defendants were motivated by discriminatory animus towards Plaintiff.  *See Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1212 n. 6 (11th Cir. 2008) (noting that "the equal protection clause prohibits only intentional discrimination"); *Allen v. St. John*, 827 F. App'x 1002, 1006–07 (11th Cir. 2020) ("To the extent Allen alleges that St. John discriminated against him by refusing to respond to his grievances because of his race, his claim fails for lack of supporting facts showing that St. John was motivated by any discriminatory animus.").  Indeed, Plaintiff merely alleges, in conclusory fashion, that his "unequal treatment stemmed from [ ] [O]fficer Loiseau's and Sergeant Durand's purposeful discrimination toward plaintiff. . . ."  (ECF No. 75 ¶ 10.)  Without more than conclusory assertions, Plaintiff has not stated an equal protection claim against either Defendant.

### II.   DEFENDANT'S MOTION TO STAY ALL PRETRIAL DEADLINES

Officer Loiseau requests that this Court stay this proceeding "until Plaintiff files the second amended pleading, any newly added defendants are personally served, and the inevitable motion to dismiss pertaining to the Second Amended Complaint is adjudicated."  (ECF No. 74 at 1–2.)  He points out that this case is currently in discovery but argues that discovery cannot be effective until it is apparent which claims against which parties are proceeding in this action.  (*Id*. at 4.)

A district court "'has broad discretion to stay proceedings as an incident to its power to control its own docket.'" *Marine Horizons v. BP, PLC*, No. 10-cv-0227-WS-N, 2010 WL 2104629, at *1 (S.D. Ala. May 25, 2010) (citations omitted) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)); *see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc*., 221 F.3d 1262, 1264 (11th Cir. 2000) (per curiam) (citation omitted) ("A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court."). "Indeed, the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hopkins v. Transocean Ltd*., No. 10-cv-0221-WS-C, 2010 WL 2104548, at *1 (S.D. Ala. May 25, 2010) (citation and internal marks omitted).

At present, this case is set for trial in August, less than eight months from now. (*See* ECF No. 48 at 1.) The discovery and dispositive motions deadlines are less than three months away. (*Id*.) It is clear that the deadlines in this case will need to be reset with the addition of a new party. Sergeant Durand will need to be served, and this Court may then have to adjudicate his eventual motion to dismiss in addition to Officer Loiseau's motion to dismiss, which is due March 4, 2024. Accordingly, a stay of this case is warranted.

### III.    PLAINTIFF'S MOTIONS

In addition to the SAC, Plaintiff has filed two motions: a Motion to Appoint Counsel, (ECF No. 76), and a Motion for Leave to Proceed IFP, (ECF No. 77.) These two motions shall be denied. As this Court found when it denied Plaintiff's previous motion to appoint counsel, this case is not unusually complex, Plaintiff has adequately presented his claims, and this case is still in its early stages. (ECF No. 55 at 2.) These factors have not changed since Plaintiff's last motion, so no exceptional circumstances exist warranting the appointment of counsel. *See Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (the Court has discretionary authority to appoint counsel to represent a *pro se* plaintiff where there are exceptional circumstances, "such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."). As to Plaintiff's IFP motion, Plaintiff has already been permitted to proceed IFP in this action, (ECF No. 11), so this motion is moot.

### IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Second Amended Complaint, (ECF No. 75), is **ALLOWED TO PROCEED** as to Plaintiff's substantive due process claims and procedural due process claims against Defendants.
2. This Court shall order U.S. Marshal's service on Sergeant L. Durand by separate order.
3. Plaintiff's equal protection claims are **DISMISSED WITHOUT PREJUDICE**.
4. Defendant's Motion to Stay All Pretrial Deadlines, (ECF No. 74), is **GRANTED**. This case is **STAYED** pending the resolution of Defendant's forthcoming motion to dismiss. All pending pretrial and trial deadlines in this action are hereby **CANCELLED**.
5. Plaintiff's Motion to Appoint Counsel, (ECF No. 76), is **DENIED**.
6. Plaintiff's Motion for Leave to Proceed IFP, (ECF No. 77), is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of January 2024.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Keschener Destin, *pro se*
Counsel of Record via CM/ECF