**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-23441-BLOOM/Reid**

KESCEHNER DESTIN,

     Plaintiff,

v.

OFFICER E. LOISEAU and SERGEANT
L. DURAND,

     Defendants.

_____/

## ORDER ON PLAINTIFF'S *DAUBERT* MOTION

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Exclude Certain Opinions of Defendant's Proposed Expert, Dr. Laurence Dubensky ("Motion"), ECF No. [228]. The Defendant Officer E. Loiseau filed a Response in Opposition ("Response"), ECF No. [229].  The Court has reviewed the Motions, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

### I.   BACKGROUND

On November 18, 2024, Plaintiff filed a *Daubert* motion seeking to exclude the testimony of Dr. Laurence Dubensky. ECF No. [124]. The Court denied that motion. ECF No. [195]. Now, Plaintiff has filed the identical *Daubert* Motion, albeit untimely, based on the same report and conclusions made by Dr. Dubensky. The Court construes the Motion as a motion for reconsideration and, as such, it is denied.

## II.    LEGAL STANDARD

### A.  Motion for Reconsideration

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the

only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request").

## III. DISCUSSION

Plaintiff has failed to set forth any basis for the Court to reconsider the same arguments previously rejected by U.S. District Judge Jose Martinez. As Defendant correctly points out, Plaintiff again challenges Dr. Dubensky's opinions that O.C. spray (i.e., pepper spray) did not cause Plaintiff to suffer a severe injury. Judge Martinez squarely addressed Plaintiff 's arguments and they were rejected. Moreover, none of the circumstances justifying reconsideration of the Court's decision exists here.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Exclude Certain Opinions of Defendant's Proposed Expert, Dr. Laurence Dubensky, **ECF No. [228]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 12, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

3