**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-23441-BLOOM/Reid**

KESCHENER DESTIN,

Plaintiff,

v.

OFFICER E. LOISEAU,

Defendant.

______________________________________/

**ORDER ON MOTION FOR NEW TRIAL**

**THIS CAUSE** is before the Court upon Plaintiff Keschener Destin's ("Plaintiff") Motion for New Trial ("Motion"), ECF No. [264]. Defendant Officer Evens Loiseau ("Defendant") filed a Response in Opposition ("Response"), ECF No. [269], and Plaintiff filed a Reply in Support ("Reply"), ECF No. [270]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

## I. BACKGROUND

This case stems from an incident at the Turner Guilford Knight Correction Center in Miami-Dade County, Florida in which Plaintiff, an inmate, alleges he was physically assaulted by Defendant, in violation of his right to be free from excessive force. *See* ECF No. [75] ¶ 7. The case proceeded to a jury trial and, on June 2, 2026, the jury returned a verdict in favor of Defendant. ECF No. [263]. On June 30, 2026, Plaintiff filed the instant Motion and argues the verdict in favor of Defendant was contrary to the great weight of the evidence, the Court erred in permitting Sergeant Shakita Mills ("Sgt. Mills") to testify, erred in admitting Defendant's Exhibits 1, 5, and 6, and erred in excluding Plaintiff's Exhibit 1. ECF No. [264]. Defendant responds that the

evidence supports a defense verdict, and Court did not commit any error in its evidentiary rulings by allowing Sgt. Mills to testify and admitting Defendant's photo of cell doors (Exhibits 1), Destin's prison medical records (Exhibit 5), and excerpts from the Miami-Dade Corrections and Rehabilitation ("MDCR") handbook ("Exhibit 6). ECF No. [269].

## II. LEGAL STANDARD

### A. Motion for New Trial

Among other relief, a court may grant a new jury trial under Rule 59 "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). For instance, a party may assert that "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). Thus, a motion for new trial should be granted "when the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Brown v. Sheriff of Orange Cnty., Fla.*, 604 F. App'x 915 (11th Cir. 2015) (per curiam) (quoting *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001)); *see Tucker v. Hous. Auth. of Birmingham Dist.*, 229 F. App'x 820, 826 (11th Cir. 2007) ("[N]ew trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great – not merely the greater – weight of the evidence.");

"[G]ranting motions for new trial touches on the trial court's traditional equity power to prevent injustice and the trial judge's duty to guard the integrity and fairness of the proceedings before [her]." *Sherrod v. Palm Beach Cnty. Sch. Dist.*, 237 F. App'x 423, 424 (11th Cir. 2007) (quoting *Christopher v. Florida*, 449 F.3d 1360, 1366 n.4 (11th Cir. 2006) ). Ultimately, "motions for a new trial are committed to the discretion of the trial court." *Montgomery v. Noga*, 168 F.3d 1282, 1295 (11th Cir. 1999); *Steger v. General Elec. Co.*, 318 F.3d 1066, 1081 (11th Cir. 2003)

(citing *Deas v. PACCAR, Inc.*, 775 F.2d 1498, 1503 (11th Cir. 1985) ) ("A district court is permitted wide discretion in considering a motion for new trial based on an erroneous jury instruction.").

## III. DISCUSSION

### A. Great Weight of the Evidence

Plaintiff argues the "specific facts" of this case "obviously" demonstrate that the great weight of the evidence presented at trial outweighs any evidence that supports the jury's verdict. ECF No. [264] at 2. Plaintiff contends that he presented his case and showed that Defendant violated his rights by using excessive force against him. Plaintiff further contends that testimony during trial, Plaintiff's Exhibits 2, 3, 5, and 12, and the admitted medical records showed that he sustained a lump on his forehead which created the reasonable inference that Defendant kicked him on the head. Plaintiff avers the jury verdict was inconsistent with the unrebutted evidence that he was locked in a holding cell for over two hours without decontamination from pepper spray used in connection with Defendant's excessive use of force.

Defendant responds that the evidence presented by the defense, which the jury properly credited, disproved Plaintiff's testimony that Defendant used excessive force. ECF No. [269] at 4.

The Court agrees with Defendant. When a party moves for a new trial because he believes the verdict rendered was contrary to the great weight of the evidence, it is irrelevant whether this Court would have reached the same decision, as long as there is some support for the jury's decision. *Rosenfield v. Wellington Leisure Products, Inc.*, 827 F.2d 1493, 1498 (11th Cir. 1987).

Defendant presented five witnesses: Seargent Clive Tulloch ("Sgt. Tulloch"), Sgt. Mills, Defendant, Nurse Sandra King ("Nurse King"), and Dr. Laurence Dubensky ("Dr. Dubensky").

Sgt. Tulloch responded to the incident as a backup officer and arrived as Plaintiff was placed in handcuffs. ECF No. [267] at 170:18; 171:19-22. Sgt. Tulloch testified that he did not see

anyone kick Plaintiff in the face while he was being handcuffed and that had he seen such a thing, he would have had a duty to document it in his report as excessive force. *Id*. at 172:1-7. Sgt. Tulloch further testified that there was no mention of Plaintiff being kicked in the face in his report. *Id*. 172:8-11.

Sgt. Mills testified that she works in MDCR's Use of Force and Review Team within the Trend Analysis and Action Planning ("TAAP") Unit. ECF No. [268] at 5:7-11. The TAAP unit reviews the response to resistance incidents or use-of-force incidents to determine any policy violations, inconsistencies with reports and video footage, security concerns, or matters that need to be addressed by the facility. *Id*. at 6:17-22. Sgt. Mills further testified that Defendant appropriately armed himself with pepper spray as a de-escalation technique. *Id*. at 11:14-18.

Defendant testified that he conducted security checks in Unit K64 and saw clothes hanging on Plaintiff's cell door in violation of the facility's rules. *Id*. at 34:8-13. The clothes presented a security issue because they blocked the view of the cell. *Id*. at 34:14-17. Defendant told Plaintiff to take the clothes down, and Plaintiff grew angry, agitated, and began screaming. *Id*. at 37-38:24-4. To de-escalate the situation, Defendant walked away and went downstairs. *Id*. at 38:5-12. Plaintiff continued to scream. *Id*. at 39:3-6. Defendant returned up the stairs and again asked Plaintiff to take down the clothes. *Id*. at 39-40:24-14. Plaintiff did not comply and attempted to punch Defendant. *Id*. at 40-41:18-9. In response to the attack, Defendant pulled out his pepper spray and sprayed Plaintiff, which enabled him to bring Plaintiff to the ground. *Id*. at 41:19-23; 43:7. Defendant testified that he did not use any additional force against Plaintiff and did not kick him in the head. *Id*. at 44:8-16. Defendant further testified that he did not choke or drag Plaintiff, nor did he spray a full cannister of pepper spray at Plaintiff. *Id*. at 47:4-12.

Nurse King, who examined Plaintiff on the date of the incident, testified that she documented a lump on the left side of Plaintiff's forehead, as well as his complaint of neck pain. *Id*. at 83:6-8; 84:17-19. Nurse King further testified that she did not know where the lump came from and that Plaintiff never told her he was kicked in the head. *Id*. at 85:16-21; 86:4-6.

Dr. Dubensky testified that, based on his review of the medical records, Plaintiff did not sustain any of the injuries he claimed to suffer. *Id*. at 98:10-14. Dr. Dubensky further testified that if Plaintiff had been kicked in the head there would be bruises, abrasions, lacerations, and deformity, none of which was present in Plaintiff's case. *Id*. at 99:23-25. Dubensky opined that the photographs of Plaintiff following the incident did not depict injuries consistent with the kick to the head Plaintiff claimed to suffer. *Id*. 99-100:13-12.

Here, there was conflicting testimony and evidence, and the jury was properly called upon to make credibility determinations and to weigh the evidence. Considering the evidence presented by Defendant, the Court finds there was substantial support for the jury's decision. Here, the Court finds that the jury verdict was not contrary to the great weight of the evidence. *Tucker v. Hous. Auth. of Birmingham Dist*. 229 Fed. Appx. 820, 826 (11th Cir. 2007) ("[N]ew trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence."). Plaintiff has not met his burden to demonstrate that the jury's verdict was against the great weight of the evidence.

**B. The Court's Evidentiary Rulings**

**i. Sgt. Mills and Defendant's Exhibits 1, 5, and 6**

Plaintiff argues the Court erred in allowing Sgt. Mills to testify and admitting Defendant's Exhibits 1, 5, and 6 because neither Sgt. Mills nor the exhibits were identified in discovery. ECF No. [264] at 4. Plaintiff contends the admission of the evidence caused unfair prejudice because

he was unable to "inspect, copy, and test" them. Plaintiff further contends that if he had been given proper notice, he would have been able to impeach Sgt. Mills.

Defendant responds that, given Plaintiff's status as a *pro se* incarcerated litigant, the parties were not required to exchange initial disclosures. ECF No. [269] at 9. Moreover, Defendant responds that Plaintiff's claim of "surprise" falls flat because Sgt. Mills, as well as Defense's Exhibits 1, 5, and 6, were disclosed before trial. *See* ECF No. [241-1].

The Court agrees with Defendant that he was not required to disclose Sgt. Mills or the exhibits in question.

> Federal Rule of Civil Procedure 26(a)(1) requires that parties to civil actions make initial disclosures. Fed. R. Civ. P. 26(a)(1)(A). The rule, however, exempts proceedings brought under Fed. R. Civ. P. 26(a)(1)(B). *Id*. One such proceeding is "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." Fed. R. Civ. P. 26(a)(1)(B)(iv). Thus, defendants in civil actions brought by pro se prisoners are not subject to the initial disclosure requirements. *Id*. Likewise, proceedings exempt from initial disclosures under Fed. R. Civ. P. 26(a)(1)(B) are not subject to the Rule 26(f) discovery conference rules. Fed. R. Civ. P. 26(f)(1).

*Ray v. Equifax Info. Services, LLC*, 327 Fed. Appx. 819, 824 (11th Cir. 2009). The Court points out that prior to trial, Defendant nonetheless disclosed Sgt. Mills and the exhibits in question and he complied with the Court's Order Scheduling Trial, ECF No. [230], which required both parties to file their exhibit and witness list by April 20, 2026. As such, the Court finds no prejudice that Sgt. Mills was permitted to testify and Exhibits 1, 5, and 6 were properly admitted.

**ii. Plaintiff's Exhibit 1**

Plaintiff argues the Court erred in initially excluding Plaintiff's Exhibit 1, a disciplinary report in which a civilian counselor found Plaintiff not guilty of battery. ECF No. [264] at 6. Plaintiff argues the exclusion deprived him of a fair trial because he could not use the exhibit while he was testifying.

As Defendant correctly points out, Plaintiff's Exhibit 1 was ultimately admitted into evidence and Plaintiff was permitted to refer to the exhibit in any rebuttal or any questioning he may have had for the witnesses. ECF No. [267] at 183:6-10.

"In assessing evidentiary rulings already made by this Court, the question is whether the exclusion or admission of evidence affected [Plaintiff]'s substantial rights." *Sec. & Exch. Comm'n v. Complete Bus. Sols. Grp., Inc.*, 608 F. Supp. 3d 1231, 1239 (S.D. Fla. 2022). Here, the Court admitted the exhibit in question, permitted Plaintiff to ask the witnesses questions about the exhibit, and allowed the jury to consider the exhibit during deliberations. It cannot be said that the initial exclusion of Plaintiff's Exhibit 1 affected Plaintiff's substantial rights and he cites no case law to suggest otherwise.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion**, ECF No. [264]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 5, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Keschener Destin
V71906
Everglades Correctional Institution
Inmate Mail/Parcels
1599 SW 187th Avenue
Miami, FL 33194
PRO SE